Paul C. Hays, OSB 751531
paul@pchayslaw.com
Paul C. Hays Attorney at Law
10300 SW Greenburg Rd., Ste 310
Portland, OR 97223
Tel: (971) 330-5372
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

[PORTLAND DIVISION]

| | |
|---|---|
| TEAMSTERS 206 EMPLOYERS TRUST by and through its Board of Trustees,<br>　　Plaintiff,<br><br>　　v.<br><br>BOYD COFFEE COMPANY dba BOYD'S COFFEE and FARMER BROS. CO., dba FARMER BROTHERS and dba BOYD'S COFFEE,<br>　　Defendants. | Case No. _____<br><br>COMPLAINT<br>Action for Fringe Benefits and Accounting<br>(29 USC §1132 and §1145 and 29 USC §185(a)) |

Plaintiff, for claims for relief, alleges as follows:

FIRST COUNT – ACTION FOR FRINGE BENEFIT CONTRIBUTIONS

1.

That jurisdiction is vested in this Court over this action by the provisions of the Employee Retirement Income Security Act of 1974 (ERISA) at 29 USC §1132 and §1145; and §301(a) of the Labor Management Relations Act of 1947 (LMRA) at 29 USC §185(a).

COMPLAINT – 1

2.

That at all times herein mentioned, Plaintiff, Teamsters 206 Employers Trust ("Trust") is a multi-employee welfare benefit plan within the meaning of 29 USC § 1002(1), (3), § 1132 and § 1145 of the Employee Retirement Income Security Act of 1974, as amended, hereinafter "ERISA". The Trust is governed by a Board of Trustees consisting of an equal number of union trustees and management trustees ("Trustees"). All Trustees are fiduciaries within the meaning of ERISA 29 USC §1002(21)(a) and § 1145. Plaintiff's principal office is in Portland, Multnomah County, Oregon and venue for all claims for relief or proceedings involving the Trust is in Multnomah County, Oregon.

3.

That the Defendants operated in Portland, Oregon as Boyd Coffee Company, an Oregon business corporation authorized and registered to do business in Oregon, dba Boyd's Coffee and was acquired by Farmer Bros. Co., a foreign business corporation authorized and registered to do business in Oregon, dba Farmer Brothers and dba Boyd's Coffee.

4.

That at all times herein mentioned, Defendants were bound by a Labor Agreement and the applicable Trust Agreement to make required contributions to the Trust and did make certain payments thereto.

5.

That in the processing of the payments and as part of the Plaintiff's duties herein, it became necessary to review the Defendants' remittance reports in order to ascertain the correctness of the reporting. A review of certain reports to date has revealed a delinquency.

///

6.

Demand has been made for payments of the delinquency and there is wholly due, owing, and unpaid to the Plaintiff the amount of $12,794.76 through June 2017, 2018, plus additional contributions due to date for contributions for amounts for post-June 30, 2017 contributions.

7.

That in addition to the basic contributions required to be made, the applicable written Trust Agreement provides for liquidated damages, interest, and audit fees to be assessed for any delinquent contributions found to be due and owing. Defendants are indebted to Plaintiff for liquidated damages, interest, and audit fees. These liquidated damages and interest amounts are due for late payments in the amount of $7,157.94 as of January 15, 2019 for contributions through June 30, 2017, plus amounts for unpaid contributions, interest, and liquidated damages to date. These amounts are calculated per the statute and the Trust Agreement as 12% *per annum* interest and 20% *per annum* liquidated damages for each late payment.

8.

That the applicable Trust Agreement and 29 USC § 1132 provide for a reasonable sum to be awarded Plaintiff as attorney's fees for the prosecution of this action against Defendants. Plaintiff requests a reasonable sum be awarded to Plaintiff as attorney's fees.

SECOND COUNT – ACTION FOR ACCOUNTING

9.

Plaintiff realleges Paragraphs 1, 2, 3, 4, 5, 7, and 8 of its First Count.

10.

That during all of the times herein mentioned, Defendants were bound to make required contributions to the Trust and did make certain payments. That Defendants, on and from

January 1, 2013 and through December 31, 2018 had in their employ, employees for whom contributions to the Trust were made.

11.

Defendants have failed to make the contributions required by the Labor Agreement between the parties and the Trust Agreement for some of its employees employed during the term of the Agreements. Defendants have failed to report to Plaintiff the number of all employees and the amount of some required contributions. The amount of all contributions owed by Defendants to Plaintiff for post-June 30, 2017 is unknown to Plaintiff and cannot be ascertained without a complete accounting, which is long and complicated.

12.

Plaintiff requests that an accounting by Defendants be ordered for the period from July 1, 2017 through the present date, for any and all contributions due from Defendants to Plaintiff by virtue of their Labor Agreement and the Trust Agreement. After a complete account has been made, Plaintiff requests a Decree be entered against Defendants for any amount due, with interest thereon, together with liquidated damages and reasonable attorney's fees as provided for in the Trust Agreement, and appropriate law.

WHEREFORE, Plaintiff prays as follows:

## COUNT ONE

1. $12,794.76, plus additional contributions to date;
2. Interest on the above sum from February 15, 2013 until paid;
3. Liquidated damages and an audit fee and additional interest on all late contributions paid and those remaining unpaid;

4. The amount of $7,157.94 was due on January 15, 2019 for items number 2 and 3 above, plus additional interest and liquidated damages for post-June 30, 2017 amounts owed;

5. Reasonable attorney's fees;

6. Plaintiff's costs necessarily incurred; and

7. For such other relief as may seem just and equitable in the premises.

## COUNT TWO

1. A Decree compelling Defendants to make a complete accounting to Plaintiff of all contributions due from Defendants to Plaintiff from July 1, 2017 to the present;

2. After a complete accounting has been made, entry of Judgment against Defendants for any amounts due to Plaintiff for Trust contributions;

3. For interest on any contributions from their due date, together with attorney's fees, liquidated damages, and Plaintiff's costs and disbursements; and

4. For such other relief as may seem just and equitable in the premises.

Dated: January 28, 2019        /s/ Paul C. Hays
                               Paull C. Hays, OSB 751531
                               Attorney for Plaintiff

                               TRIAL ATTORNEY:

                               /s/ Paul C. Hays
                               Paul C. Hays, OSB 751531
                               paul@pchayslaw.com
                               Paul C. Hays Attorney at Law
                               10300 SW Greenburg Rd., Ste 310
                               Portland, OR 97223
                               Tel: (971) 330-5372
                               Fax: (503) 598-4646